# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

ROBERT HENRY FAIRCLOTH, Jr.,  )
            )
  Plaintiff,       )
            )
v.            )   Civil Action No. 13-00467-N
            )
CAROLYN W. COLVIN,   )
Acting Commissioner of Social Security, )
            )
  Defendant.     )

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Henry Faircloth, Jr. brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Docs. 23 and 24.)

Upon consideration of the administrative record ("R.") (Doc. 15), Faircloth's brief (Doc. 17), the Commissioner's brief (Doc. 19), and the arguments presented at the hearing held July 30, 2014 (*cf.* Docs. 20-22), the Court has determined that the Commissioner's decision denying Faircloth benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. (*See* Doc. 24.)

# I.    **Procedural Background**

Faircloth filed applications for DIB and SSI in late July 2009 (*see* R. 230-234), alleging a disability onset date of December 12, 2009 (*see* R. 23, 232).   His applications were initially denied.   (*See* R. 104-115.)   Hearings were conducted before an Administrative Law Judge on November 15, 2010 (*see* R. 52-73) and, following remand from the Appeals Council (*see* R. 95-99),[2] on March 21, 2012 (*see* R. 40-51). On May 18, 2012, the ALJ issued the decision, now before this Court, finding Faircloth not disabled (R. 19-39).   Although he sought review from the Appeals Council, the Appeals Council issued a decision declining to review the ALJ's determination on August 27, 2013 (*see* R. 1-6)—making that determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on September 19, 2013 (*see* Doc. 1).

# II.    **Standard of Review and Claims on Appeal**

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work.   *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).   In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work

---

[2]    The significance of this remand is discussed below, in conjunction with Faircloth's first asserted error.

history, *see id.*; and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Faircloth asserts two reasons why the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence):

(1)     The ALJ "committed reversible error by relying on non-examining, reviewing physicians' opinions to support the unfavorable decision and by failing to order a psychological consultative examination . . . ." (Doc. 16 at 2); and

(2)     The ALJ erred "committed reversible error . . . [by] failing to find that Plaintiff suffers from the severe impairment of schizophrenia and in failing to consider whether the Plaintiff met, equaled, or medically equaled listing 12.03." (*Id.*)

The Court will address each separately below.

## III.   Analysis

**A.   Substantial evidence supports the ALJ's RFC assessment; thus, the ALJ did not err by not ordering a second consultative examination.**

Faircloth's first asserted error actually has two parts.

First, while Faircloth does not directly argue the ALJ's RFC determination is not supported by substantial evidence, he implies it is not, by arguing it was error for the ALJ to "rely[] on non-examining, reviewing physicians' opinions to support the unfavorable decision[.]"   (Doc. 16 at 2.)   As this Court has held, however, substantial evidence to support an ALJ's RFC determination need not always include an RFC from a treating or examining physician.   *See, e.g., McMillian v. Astrue*, CA No. 11–00545–C, 2012 WL 1565624, at *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, but not to the extent that such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (internal punctuation altered and citation omitted)); *contra Coleman v. Barnhart*, 264 F. Supp. 2d 1007 (S.D. Ala. 2003).   That said,

> the ALJ's [ ] RFC determination must be supported by substantial evidence, which also requires that the ALJ "provide a sufficient rationale to link such evidence to the legal conclusions reached." *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005); *compare id., with Packer v. Astrue*, Civil Action No. 11–0084–CG–N, 2013 WL 593497, at *4 (S.D. Ala. Feb. 14, 2013) ("[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other

requirements of work." (quoting *Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at *3 (S.D. Ala. Sept. 4, 2012))), *aff'd*, 542 Fed. App'x 890 (11th Cir. Oct. 29, 2013) (per curiam); *see also Hanna v. Astrue*, 395 Fed. App'x 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . . Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)); *Ricks v. Astrue*, No. 3:10–cv–975–TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) ("'The existence of substantial evidence in the record favorable to the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached.' Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision." (quoting *Russ*, 363 F. Supp. 2d at 1347)); *Packer*, 2013 WL 593497, at *4 (While "the Eleventh Circuit has declined to impose overly rigid requirements when reviewing disability decisions[,] meaningful review . . . requires [that] ALJs [ ] state with clarity the grounds for their decisions." (internal citations and quotation marks omitted)).

*Alexander v. Colvin*, Civil Action No. 2:12–00607–N, 2013 WL 5176355, at *5 (S.D. Ala. Sept. 13, 2013) (citation modified).

The crux of Faircloth's substantial evidence argument is that the ALJ should have, but failed to, order a second consultative examination. And, thus, without this second consultative examination, he contends, the record lacks substantial evidence to support the ALJ's RFC determination. (*See, e.g.,* Doc. 16 at 7-8 ("The [ALJ] erred in both failing to order a [second] psychological consultative examination and relying on non-examining, reviewing physician[s] to support her unfavorable decision.").) To understand this argument better, the procedural background leading up to the ALJ determination appealed to this Court is helpful:

An initial hearing was held in November 2010. At the hearing,

> [counsel for Faircloth,] Mr. Kemmerly[,] requested a psychological consultative examination. The [ALJ] agreed, and ordered a psychological consultative examination. John W. Davis, Ph.D., a psychologist, evaluated the claimant in December 2010 (Exhibit 12F). Dr. Davis found no evidence of a mental impairment. Mr. Kemmerly subsequently filed a brief objecting to Dr. Davis's report, arguing that it was inconsistent with the record, which shoes a history of treatment for bipolar disorder (Exhibit 12E). Mr. Kemmerly requested that the undersigned either give no weight to Dr. Davis's opinion, or, in the alternative, hold a supplemental hearing. The undersigned assigned no weight to the opinion of Dr. Davis and therefore did not hold a supplemental hearing (Exhibit 3A [Jan. 21, 2011 decision]).

(R. 22.) The Appeals Council remanded the ALJ's January 21, 2011 decision, finding, "the ALJ did not adhere to the procedures for proffer in addressing . . . written objections [submitted by Mr. Kemmerly], but instead issued an unfavorable decision, indicating that . . . no weight [was afforded to] Dr. Davis' opinion . . . ." (R. 97.) After remand,

> [a]t the supplemental hearing held in March 2012, Mr. Kemmerly requested another consultative examination[, arguing] that a post-hearing psychological consultative examination is necessary in order to fully develop the record (Exhibit 25B).

(R. 22.) The ALJ, relying on 20 C.F.R. § 404.1519a, denied this request after finding "that the evidence of record is sufficient to support a decision." (R. 22; *see also* R. 23.)

"'In determining whether remand is appropriate in cases such as this one, the Court must balance an ALJ's duty to develop a full and fair record against a claimant's responsibility to prove disability,' keeping in mind 'the nonadversarial nature of Social Security administrative proceedings.'" *Hollis v. Colvin*, Civil Action No. 12–00659–N, 2013 WL 5567067, at *4 (S.D. Ala. Oct. 9, 2013) (quoting

*Jenkins v. Colvin*, No. CA 2:12–00465–N, 2013 WL 3465190, at *6 (S.D. Ala. July 10, 2013)) (punctuation modified); *accord Rivers v. Astrue*, 901 F. Supp. 2d 1317, 1327 (S.D. Ala. 2012) ("[A] claimant bears the burden of proving disability and for producing evidence in support of his claim while the ALJ has 'a basic duty to develop a full and fair record.'" (quoting *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam))).

An ALJ's affirmative duty to develop a full and fair record, ***in certain cases***, "extends to obtaining a consultative examination when the same would be of benefit in the administrative process." *Waits v. Astrue*, No. CV 12–J–2371–NE, 2013 WL 625311, at *4 (N.D. Ala. Feb. 20, 2013) (citing 20 C.F.R. §§ 404.1517, 416.917); *accord Cox v. Astrue*, No. 5:11–CV–02319–LSC, 2012 WL 4008953, at *5 (N.D. Ala. Sept. 12, 2012) ("The Commissioner's duty to develop the record includes ordering a consultative examination if one is needed to make an informed decision." (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984), which in turn cited *Ford v. Secretary of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. Unit B 1981))).

> In fulfilling the duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such is necessary to enable the ALJ to render a decision. *See Ingram v. Commissioner of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision.").

> It is only where a consultative examination is necessary for the ALJ to make a decision due to some conflict, ambiguity, or other insufficiency in the medical evidence that the regulations require an ALJ to order a consultative examination. *See* 20 C.F.R. § 404.1519a(a)(2) ("When we

purchase a consultative examination, we will use the report from the consultative examination to try to resolve a conflict or ambiguity if one exists. We will also use a consultative examination to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision."), 20 C.F.R. § 404.1519a(b) ("A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim."); *see also Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) ("The Secretary has broad latitude in ordering consultative examinations.").

*Rivers*, 901 F. Supp. 2d at 1327-28 (initial citation modified).

"The failure of an ALJ to order a consultative examination, when such an evaluation is necessary to make an informed decision, constitutes justifiable cause for a remand to the Commissioner." *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1372 (N.D. Ga. 2006) (citing *Reeves*; *Ford*; *Turner v. Califano*, 563 F.2d 669 (5th Cir. 1977)). "In determining whether it is necessary to remand a case for development of the record, [a court should] consider[] 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Salazar v. Commissioner of Soc. Sec.*, 372 Fed. App'x 64, 67 (11th Cir. Apr. 6, 2010) (per curiam) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)); *see also Cox*, 2012 WL 4008953, at *5 ("Plaintiff must show that the lack of records created an evidentiary gap, resulting in unfairness or clear prejudice." (citing *Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991))).

Faircloth contends that "[t]he need for further evidence and development was not satisfied with the consultative examination completed by Dr. Davis because no weight was assigned to his report or the opinions contained therein." (Doc. 16 at 4.) Thus, he contends, "[t]he evidence of record is as conflicting and as ambiguous as it

was when Plaintiff first requested a psychological consultative examination." (*Id.* at 8.) He supports this argument by noting that the ALJ "assigned great weight to a DDS opinion completed on March 28, 2012, by Dr. Donald E. Hinton, a non-treating, non-examining physician," which opinion "appears to rely upon and consider the opinion of Dr. Davis—an opinion for which the [ALJ] assigned no weight due to the examination being inconsistent with other medical treatment records." (*Id.* at 7-8.)

Because the ALJ ordered a consultative examination, but chose not to rely on that evidence to determine Faircloth's RFC, the Court must take a step back and consider whether any additional evidence—*i.e., **any*** consultative examination—was "necessary to make an informed decision" in the first instance. *Rease*, 422 F. Supp. 2d at 1372. This means the Court will consider whether Faircloth has shown that a lack of record evidence has "created an evidentiary gap, resulting in unfairness or clear prejudice." *Cox*, 2012 WL 4008953, at *5.[3] Such consideration necessarily includes determining whether, per the regulations, "some conflict, ambiguity, or other insufficiency in the medical evidence" should have ***required*** the "ALJ to order a consultative examination." *Rivers*, 901 F. Supp. 2d at 1328 (citing 20 C.F.R. § 404.1519a(a)(2)).[4]

---

[3] Explained somewhat differently, simply because the ALJ chose to order the initial consultative examination does not necessarily mean the record at that time contained "evidentiary gaps"; thus, the Court cannot accept, at face value, Faircloth's contention that "[t]he evidence of record [was] conflicting and [ ] ambiguous . . . when Plaintiff first requested a psychological consultative examination." (Doc. 16 at 8.)

[4] Faircloth makes a lot of the fact the ALJ failed to assign any weight to a

Faircloth has not made this showing, which also means Faircloth has failed to show that the ALJ's RFC assessment is not supported by substantial evidence.

As the ALJ points out at the beginning of her decision, "[i]t is clear from his opinion, [ ] that Dr. Hinton relied on the entire record, not just the opinion of Dr. Davis, in formulating his opinions, including treatment records from Altapointe, the examination finding of Dr. Williams—which show a favorable response to treatment—and [Faircloth's] activities of daily living (Exhibit 16F)."  (R. 23; *see also* R. 508.)  The ALJ also provides that "[t]he opinions of Dr. Koulianos (Exhibits 5F, 6F) and Dr. Hinton (Exhibits 16F, 17F) regarding [Faircloth's] mental residual functional capacity are consistent."  (*Id.*)  It is also telling, moreover, that Faircloth fails to mention (in his brief) that the ALJ assigned "great weight to the clinical ***examination*** findings of Dr. Williams[—a clinical psychologist—](Exhibit 4F)[,]" which the ALJ described as "generally well supported and consistent with the objective medical evidence."  (R. 31 (emphasis added); *see also id.* (concluding, "In sum, the [RFC] is supported by a preponderance of the most credible evidence of record, including Dr. LaCour's treatment notes, mental health treatment notes from

consultative examination she ordered.  But the Court's analysis as to whether remand is necessary is the same regardless whether a plaintiff asserts an initial ***or a subsequent*** consultative examination is required to develop a full and fair record.  *Compare Rowland v. Colvin*, No. 2:13–cv–00001–MOC, 2013 WL 5837632, at *4 (W.D.N.C. Oct. 30, 2013) ("The decision as whether to order ***another*** consultative exam is governed by the regulations, which provide that an ALJ 'may' or 'might' decide to order consultative examination 'when the evidence as a whole is insufficient to support' a decision or in order to 'try to resolve an inconsistency in the evidence.'" (quoting 20 C.F.R. § 404.1519a(b))), *with Perrin v. Colvin*, Civil No. 3:12cv741–HEH, 2013 WL 5603227, at *6 (E.D. Va. Oct. 11, 2013) ("[N]o duty exists to order a ***second*** consultative examination when the ALJ has sufficient information to support his decision." (citing § 404.1519a(b)'s companion statute, 20 C.F.R. § 416.919a(b))) (emphases added).

11

Altapointe showing a positive response to treatment, the examination findings of Dr. Williams, and the opinions of Dr. Koulianos, Dr. Hinton, and Dr. Cunningham.").)

**B.    The ALJ did not err with regard to Listing 12.03.**

Faircloth's second claim of error is that the ALJ "fail[ed] to find that Plaintiff suffers from the severe impairment of schizophrenia and [ ] fail[ed] to consider whether the Plaintiff met, equaled, or medically equaled listing 12.03." (Doc. 16 at 8 (citing R. 25).) The ALJ did not ignore schizophrenia in her analysis. At the second step of the sequential evaluation, she stated instead that Faircloth's "alleged schizophrenia . . . [is a] nonsevere impairment[]. Although [he] reported that he is schizophrenic . . . [, and] the record shows a diagnosis of schizophrenia in 2008 (Exhibit 9F), there is no evidence of a diagnosis of, or treatment for, schizophrenia during the adjudication period[,]" which began July 11, 2009. (R. 25-26; *see also* R. 24.)

In support of this assignment of error, Faircloth relies on a July 3, 2008 diagnosis of schizophrenia (*see* Doc. 16 at 9 (citing R. 455-457)); cites "[m]edical evidence of record[,]" he contends, "indicates that [he] suffers from both visual and auditory hallucinations, with which he verbally interacts on a daily basis, has anger episodes with aggression, and has mood swings" (*id.* (citing R. 397-409, 431-447, 449-459, 515-550)); and points to a letter concerning a June 15, 2007 termination from employment, dated November 1, 2010, which states in part that Faircloth "was observed 'talking to' a control button, asking the button if he should push it or not" (*id.* (citing R. 239-240)).

As stated above, while Faircloth asserts that the ALJ erred by failing to consider whether he "met, equaled, or medically equaled listing 12.03" (Doc. 16 at 8), it is Faircloth's burden to demonstrate

> that an impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. 20 C.F.R. § 404.1512(a)-(d); *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). An impairment that meets only some of the Listing requirements, no matter how severe, does not qualify. *See* 20 C.F.R. § 416.925(c)(3) (noting that impairment must meet all of the criteria of that Listing). The ALJ's finding as to whether a claimant does or does not meet a listed impairment may be implied from the record. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (holding that the ALJ implicitly found that the claimant did not meet a Listing because it was clear from the record that the ALJ had considered the relevant law and evidence). Furthermore, while the ALJ must consider the Listings in making its disability determination, "it is not required that the [ALJ] mechanically recite the evidence leading to her determination." *Id.*

*Prince v. Commissioner, Soc. Sec. Admin.*, 551 Fed. App'x 967, 969 (11th Cir. Jan. 2, 2014) (per curiam); *see also Riden v. Astrue*, No. 3:07–CV–134(CDL), 2008 WL 5255825, at *4 (M.D. Ga. Dec. 15, 2008) ("The Eleventh Circuit Court of Appeals has held that diagnosis alone is insufficient to satisfy the requirements of any listing." (citing *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991)).

Faircloth has not carried this burden. And it is clear to the Court, moreover, that the evidence the ALJ considered does not support a finding that Faircloth meets or equals Listing 12.03, which "is [c]haracterized by the onset of psychotic features with deterioration from a previous level of functioning." *Jones v. Astrue*, No. 1:12–cv–00088–MP–CAS, 2013 WL 2251557, at *4 (N.D. Fla. May 22, 2013) (internal

quotation marks omitted).[5]

As the Eleventh Circuit has held, an ALJ need not "recite the evidence leading to [a] determination" that a claimant does not meet or equal a Listing. *Bowen*, 787 F.2d at 1463. Here, however, in addition to explicitly questioning whether Faircloth meets the durational requirement for Listing 12.03 (*see* R. 25-26), the ALJ relied on the clinical examination of Faircloth by Dr. Williams, assigning her findings "great weight" (R. 31; *see also* R. 29-30). As recounted by the ALJ, Dr. Williams's impression of Faircloth was bipolar disorder; and she noted he possessed an appropriate affect, was not anxious or nervous, and that he was likely to continue

---

[5]     "The required level of severity for [this Listing] is met when the requirements in both [paragraphs] A and B are satisfied, or when the requirements of [paragraph] C are satisfied." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.03.

To satisfy paragraphs A and B, it must be shown that a claimant has either delusions or hallucinations; catatonic or other grossly disorganized behavior; incoherence, loosening of associations, illogical thinking, or poverty of content of speech associated with certain affect; or emotional withdrawal and/or isolation ***that results in at least two of the following***—marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; and/or repeated episodes of decompensation, each of extended duration. *See id.*

To satisfy paragraph C, a claimant must present

[m]edically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following: [1] Repeated episodes of decompensation, each of extended duration; [2] A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or [3] Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*Id.*

a favorable response to treatment. Such findings, by an examining physician, which the ALJ characterized as "consistent with the objective medical evidence" (R. 31)—along with other, similar evidence cited by the ALJ in her decision—certainly do not support a conclusion that Faircloth meets or equals Listing 12.03. *Cf. Hutchison*, 787 F.2d at 1463 (an ALJ's finding as to whether a claimant meets a Listing may be implied from the record).

## IV. Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Faircloth benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 27th day of August, 2014.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**